**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

ERIN NORWOOD,                         :
                                      :
          Plaintiff,                  :
                                      :        CIVIL ACTION
          v.                          :
                                      :        NO. 1:13-CV-1231-WSD-ECS
COSTCO WHOLESALE CORPORATION,         :
                                      :
          Defendant.                  :
                                      :

**FINAL REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on two motions to dismiss, [Docs. 5, 8], filed by Defendant Costco Wholesale Corporation ("Defendant") in response to pro se Plaintiff Erin Norwood's ("Plaintiff") original and amended complaints, [Docs. 1, 7]. For the reasons discussed herein, the undersigned **RECOMMENDS** that Defendant's motion to dismiss the original complaint, [Doc. 5], be **DENIED as MOOT**. It is also **RECOMMENDED** that Defendant's motion to dismiss Plaintiff's amended complaint, [Doc. 8], be **GRANTED.**

**I.**
**Background**

**A.   Procedural Background**

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), after he was terminated from Costco Wholesale Corporation store number 631, alleging discrimination on the basis

race. See [Doc. 8-2 at 7]. He received a Notice of Right-to-Sue letter from the EEOC on January 16, 2013. [Doc. 7 at 4, 19]. On April 16, 2013, Plaintiff filed the instant action in this Court alleging discrimination on the basis of race, sex, and educational status and wrongful termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Defendant moved to dismiss Plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief can be granted. [Doc. 5]. On July 29, 2013, Plaintiff timely filed an amended complaint as a matter of right. See Fed. R. Civ. P. 15(a)(1)(B); [Doc. 7]. Defendant then filed a second motion to dismiss Plaintiff's amended complaint, [Doc. 8]. Plaintiff filed no response in opposition to Defendant's second motion to dismiss. Accordingly, the motion is deemed unopposed. See LR 7.1B, NDGa.

**B.   Factual Background**

For purposes of a motion to dismiss, the factual allegations in the complaint are accepted as true. The following facts are derived from the complaint and from certain other documents appearing in the record:[1]

---

[1]   When deciding a motion to dismiss, the court may consider matters of public record, orders, and items appearing in the record, Wright & Miller, Federal Practice and Procedure § 1357, as well as documents that are central to the plaintiff's claim and undisputed in terms of authenticity. Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Brooks v. Blue Cross and Blue Shield of Florida,

Plaintiff was employed by Costco Wholesale Corporation from March 2008 until his termination on December 21, 2012. [Doc. 7 at 6]. On December 21, 2012, Plaintiff was working at Costco Wholesale Corporation store number 631 when Ms. Fran Higgins ("Higgins"), described by Plaintiff as a "co-worker/Front-end Manager," approached him and asked to "audit [his] work." [Id. at 3]. Plaintiff believed Higgins did not have authority to audit his work, so he ignored her questioning. [Id.]. In response, she "touched [his] shoulder] causing apprehension . . . which resulted in Mr. Norwood using profane language as a form of self defense to remove the threat of danger." [Id.]. The Cobb County Police Department was summoned to the store, and Plaintiff told the responding officer that he was the victim of a "Simple Assault/Simple Battery." [Doc. 7 at 7-9]. Plaintiff was terminated that day for "insubordination [and] serious misconduct." [Id. at 6]. Higgins was not terminated after the incident. [Id. at 4].

## II.
## Discussion

### A. Defendant's Motion to Dismiss Plaintiff's Original Complaint

Plaintiff filed an amended complaint within 21 days of being served with Defendant's motion to dismiss his original complaint,

---

Inc., 115 F.3d 1364, 1369 (11th Cir. 1997); Kabir v. Statebridge Company, LLC, et. al, No. 1:11-cv-2747-WSD, 2011 WL 4500050 at *1 n.1 (N.D. Ga. Sept. 27, 2011).

AO 72A
(Rev.8/82)

in compliance with Rule 15. <u>See</u> [Docs. 5, 7]; Fed. R. Civ. P. 15(a)(1)(B) (allowing a party to amend its pleading as a matter of course within 21 days after service of a responsive pleading, if the pleading is one to which a responsive pleading is required). Therefore, Plaintiff's amended complaint, [Doc. 7], becomes the operative pleading in this case. <u>See</u> <u>Lowery v. Ala. Power Co.</u>, 483 F.3d 1184, 1219-20 (11th Cir. 2007). Accordingly, the undersigned **RECOMMENDS** that Defendant's motion to dismiss the original complaint, [Doc. 5], be **DENIED as MOOT**.

**B.   Defendant's Motion to Dismiss Plaintiff's Amended Complaint**

In his amended complaint, Plaintiff alleges that he was terminated based on his race, his sex, and his educational status after an altercation with Ms. Higgins. <u>See</u> [Doc. 7]. His amended complaint also attaches the Cobb County police report describing the incident, a Costco Wholesale Corporation "Termination/Resignation form" recording Plaintiff's termination, and evidence of service of process on Defendant. <u>See</u> [<u>id.</u>].

**1.   Defendant's Arguments in Support of Dismissal**

Defendant moves for a second time to dismiss Plaintiff's complaint, under Rule 12(b)(6), for failing to state a claim upon which relief can be granted. [Doc. 8]. As noted above, Defendant's motion to dismiss is unopposed. Because Plaintiff does not oppose

AO 72A
(Rev.8/82)

the motion to dismiss, the undersigned will accept Defendant's characterization of Plaintiff's complaint for the purposes of this motion. See Grant v. BAC Home Loans Servicing, LP, No. 1:11-CV-02253-RWS, 2012 WL 887590, at *1 (N.D. Ga. Mar. 15, 2012).

Defendant argues that all of Plaintiff's claims of discrimination must be dismissed due to procedural defects or for failing to state a claim upon which relief can be granted under Title VII. See generally [Doc. 8-1]. First, Defendant submits that Plaintiff's apparent claim of discrimination based on sex is barred based on his failure to exhaust administrative remedies. [Id. at 7]. Second, Defendant argues that Plaintiff's claim of discrimination based on his educational status fails to state a claim upon which relief can be granted because educational status is not a class protected by Title VII. [Id. at 8]. Finally, Defendant argues that Plaintiff's claim of race discrimination does not contain sufficient factual allegations to state a claim upon which relief can be granted. [Id. at 9-12].

**2.   Failure to Exhaust Administrative Remedies**

Before bringing a private action under Title VII, a plaintiff must exhaust his administrative remedies by filing a charge of discrimination with the EEOC. Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004); Chanda v. Englehard/ICC, 234 F.3d 1219, 1225 (11th Cir. 2000). The purpose of this requirement

is to allow the EEOC "the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 929 (11th Cir. 1983). A subsequent judicial action "is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Gregory, 355 F.3d at 1280 (quoting Alexander v. Fulton Cnty., Ga., 207 F.3d 1303, 1332 (11th Cir. 2000)). The plaintiff may only bring additional judicial claims that "'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint," but not claims alleging new acts of discrimination. Gregory, 355 F.3d at 1279-80 (quoting Wu v. Thomas, 863 F.2d 1543, 1547 (11th Cir. 1989)); Stuart v. Jefferson Cnty. Dep't of Human Res., 152 F. App'x 798, 801 (11th Cir. 2005).

Here, Plaintiff's EEOC charge alleged discrimination only on the basis of race. [Doc. 8-2 at 7]. In filling out the charge of discrimination, the only box he checked was the box for race discrimination. And, in the space provided for additional facts, there is no discussion of sex discrimination. [Id.]. The Court thus finds that the EEOC's subsequent investigation would not reasonably have encompassed any charges of sex discrimination. See Whittaker v. Dept. of Human Res., 86 F.R.D. 689 (N.D. Ga. 1980) (finding Plaintiff failed to exhaust administrative remedies pertaining to

6

sex discrimination claim when Plaintiff only marked "race" on EEOC charge because race discrimination claims were not like or related to sex discrimination claims). Accordingly, Plaintiff's claim of sex discrimination is due to be dismissed for failure to exhaust his administrative remedies as required under Title VII.

**3.   Standard for Motion to Dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). When considering such a motion, a court must accept the allegations in the plaintiff's complaint as true and construe them in the light most favorable to the plaintiff. M.T.V. v. DeKalb Cnty. Sch. Dist., 446 F.3d 1153, 1156 (11th Cir. 2006) (citation omitted); Fuller v. Johannessen, 76 F.3d 347, 349-350 (11th Cir. 1996). Although the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

AO 72A
(Rev.8/82)

Since <u>Twombly</u>, the Supreme Court has clarified that Rule 8 of the Federal Rules of Civil Procedure requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Therefore, a plaintiff must plead "factual content that [would] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

### 4. Analysis

To set forth a prima facie showing of discrimination under Title VII, a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was treated less favorably than a similarly situated individual outside of his protected class. <u>Burke-Fowler v. Orange Cnty., Fla.</u>, 447 F.3d 1319, 1323 (11th Cir. 2006) (internal citations omitted).

Though a plaintiff need not show a prima facie case of Title VII discrimination to prevail on a motion to dismiss, <u>see Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 515 (2002), a plaintiff's complaint nonetheless must satisfy the aforementioned pleading requirements of <u>Twombly</u> and <u>Iqbal</u> to survive a motion to dismiss. Therefore, a plaintiff must allege facts sufficient to support a reasonable inference that his employer discriminated against him on account of a protected characteristic. <u>See Henderson v. JP Morgan</u>

AO 72A
(Rev.8/82)

Chase Bank, N.A., 436 F. App'x 935, 937 (11th Cir. 2011) (holding, in a race discrimination case, that the "complaint had to contain 'sufficient factual matter' to support a reasonable inference that [the defendant] engaged in racial discrimination against [the plaintiff]").

**a.   Plaintiff's Claim of Discrimination Based on Race**

The Court finds that the facts alleged in Plaintiff's amended complaint fail to give rise to an inference that Defendant treated him adversely because of his race. See Henderson, 436 F. App'x at 937. Though there is no dispute that Plaintiff meets the first and third elements of his prima facie case alleging discrimination on the basis of race, Plaintiff's complaint does not plead "enough facts to state a claim to relief that is plausible on its face." See Twombly, 550 U.S. at 547. The Cobb County Police report that Plaintiff attached to his complaint indicates that he is African-American. [Doc. 7 at 7]. Plaintiff has also stated that he suffered an adverse employment action when he was terminated as a result of his altercation with Higgins. [Doc. 7 at 3-4]. It is even plausible to conclude that Plaintiff was qualified for the job he held when the altercation occurred, thus satisfying the second element of his prima facie case for race discrimination. See [Doc. 7 at 6].

Plaintiff's amended complaint does not allege any facts, however, that would suggest that he was treated less favorably than

9

any similarly situated individual outside of his protected class. Plaintiff's amended complaint does allege that he was treated differently from Higgins because he was terminated after the altercation but she was not. [Doc. 7 at 2, 3]. But Plaintiff's amended complaint fails to allege that Plaintiff and Higgins were similarly situated employees. First, the complaint fails to allege that Higgins was of a different race than Plaintiff. See Burke-Fowler, 447 F.3d at 1323. Second, the complaint fails to allege that he and Higgins occupied comparable positions as employees with Costco. Compare Plaintiff's description of Higgins as "co-worker/Front-end manager," [Doc. 7 at 3], with Plaintiff's self-description as "Merchant," [Doc. 8-2 at 7]. Finally, the complaint on its face shows that Defendant had a legitimate, non-discriminatory reason for its termination of Plaintiff — namely insubordination. See Burke-Fowler, 447 F.3d at 1323; Kelliher v. Veneman, 313 F.3d 1270, 1276 (11th Cir. 2002) (finding that insubordination constituted an adequate non-discriminatory reason for Plaintiff's termination).

Without more, Plaintiff's complaint does not plead "enough facts to state a claim to relief that is plausible on its face." See Twombly, 550 U.S. at 547; accord Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) ("A complaint must state a plausible claim for relief, and '[a] claim has facial plausibility

10

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'") (internal citation omitted). In short, Plaintiff's complaint amounts to nothing "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Iqbal, 556 U.S. at 678, and is due to be dismissed under Rule 12(b)(6). If Plaintiff proved only the facts alleged in the complaint, he would not be entitled to recover.

### b. Plaintiff's Claim of Discrimination Based on Educational Status

Finally, the Court finds that Plaintiff's claim of discrimination on the basis of his "educational status" fails to state a claim upon which relief can be granted. Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff claims that he was discriminated against based on the fact that he would soon graduate from college and be eligible for a promotion, and "[t]herefore, someone who is over [him] [would] soon be working under [him]." [Doc. 7 at 2]. Because "educational status" is not a protected class under Title VII, Plaintiff's claim attempting to assert discrimination on that basis is due to be dismissed. See Fed.

R. Civ. P. 16(b)(6); <u>Burke-Fowler</u>, 447 F.3d at 1323 (requiring plaintiff to show she was a member of a protected class).

**III.**
**Conclusion**

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant's motion to dismiss the original complaint, [Doc. 5], be **DENIED as MOOT**. It is **FURTHER RECOMMENDED** that Defendant's motion to dismiss Plaintiff's amended complaint, [Doc. 8], be **GRANTED** for failure to exhaust administrative remedies and failure to state a claim upon which relief can be granted.


**SO REPORTED AND RECOMMENDED**, this 27th day of January, 2014.


   s/ *E. Clayton Scofield*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)