IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ERIN NORWOOD,

        Plaintiff,

  v.                                                                1:13-cv-1231-WSD

COSTCO WHOLESALE
CORPORATION,

        Defendant.

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge E. Clayton Scofield III's Final Report and Recommendation ("R&R") [9].

**I.    BACKGROUND**

Plaintiff Erin Norwood ("Plaintiff") was employed by Defendant Costco Wholesale Corporation ("Defendant") from March 2008 until his termination on December 21, 2012. On January 2, 2013, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of race. He received a Notice of Right-to-Sue letter from the EEOC on January 16, 2013.

On April 16, 2013, Plaintiff, proceeding *pro se*, filed his Complaint [1] in

this action alleging discrimination on the basis of race, sex, and educational status for his termination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.  On July 15, 2013, Defendant filed its Motion to Dismiss [5] under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief can be granted.  On July 29, 2013, Plaintiff timely filed his Amended Complaint [7] as a matter of right.  On August 14, 2013, Defendant filed its Motion to Dismiss Plaintiff's Amended Complaint [8].  The motion to dismiss is unopposed.

Plaintiff alleges that on December 21, 2012, Plaintiff was working at Costco Wholesale Corporation store number 631 when Ms. Fran Higgins ("Higgins"), described by Plaintiff as a "coworker/Front-end Manager," approached him asking to "audit [his] work."  Plaintiff ignored her questioning, believing Higgins did not have that authority.  In response, Higgins "touched [his shoulder] causing apprehension," and Plaintiff responded by using profane language "as a form of self defense to remove the threat of danger."  The Cobb County Police Department was summoned to the store, and Plaintiff told the responding officer that he was the victim of a "Simple Assault/Simple Battery."  Plaintiff was terminated that day for "insubordination [and] serious misconduct."

On January 27, 2014, Magistrate Judge E. Clayton Scofield issued his R&R

recommending that Defendant's Motion to Dismiss the Amended Complaint be granted.[1]  The Magistrate Judge determined 1) that Plaintiff's claim of discrimination based on sex is barred because he failed to exhaust administrative remedies, 2) that Plaintiff's claim of discrimination based on educational status fails to state a claim because educational status is not a class protected by Title VII, and 3) the Plaintiff's claim of racial discrimination does not contain facts alleging an inference that Defendant treated him adversely because of race.  Plaintiff did not file an objection to the R&R.

## II.    DISCUSSION

### A.    Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or

---

[1] Plaintiff filed an amended complaint to which, in response, Defendant filed its Motion to Dismiss.  The Motion to Dismiss the Original Complaint was mooted by the filing of Defendant's Motion to Dismiss the Amended Complaint and thus the Magistrate Judge recommended that Defendant's Motion to Dismiss the Original Complaint be denied as moot.  The Court finds no plain error in this recommendation.

specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).  Absent objections, the Court reviews the R&R for plain error.

B.   Analysis

The Magistrate Judge recommends that Defendant's Motion to Dismiss Plaintiff's Amended Complaint be granted.  He first concluded that Plaintiff's claim of discrimination based on sex is due to be dismissed because Plaintiff failed to exhaust his administrative remedies.  Plaintiff's EEOC charge only alleged race discrimination, and there is not any information in the EEOC charge or in the EEOC's subsequent investigation supporting that Plaintiff alleged more than race discrimination.  See Whittaker v. Dept. of Human Res., 86 F.R.D. 689 (N.D. Ga. 1980) (finding that Plaintiff's sex discrimination claim was not administratively exhausted when Plaintiff's EEOC charge only marked "race").  The Court does not find plain error in the Magistrate Judge's recommendation that Plaintiff's claim of sex discrimination be dismissed.

The Magistrate Judge also recommends that Plaintiff's claim of discrimination based on his educational status be dismissed.  Educational status is

not a protected class under Title VII, and Plaintiff fails to state a claim of "educational status" upon which relief can be granted.  See 42 U.S.C. § 2000e-2(a)(1) (providing that it is unlawful for an employer to discharge an individual "because of such individual's race, color, religion, sex, or national origin."); Burke-Fowler v. Orange Cnty., Fla., 447 F.3d 1319, 1323 (11th Cir. 2006) (requiring plaintiff to show she was a member of a protected class to make a *prima facie* showing of discrimination under Title VII).  The Court does not find plain error in the Magistrate Judge's recommendation that Plaintiff's claim of educational status discrimination be dismissed.

The Magistrate Judge recommends that Plaintiff's race discrimination claim be dismissed because Plaintiff's Amended Complaint failed to allege facts that would give rise to an inference that Defendant treated him adversely because of his race.  Plaintiff summarily alleges that he was treated differently than Higgins, who was not terminated following the altercation, but fails to even allege that Higgins is of a different race than Plaintiff.  The Amended Complaint itself shows that Plaintiff's insubordination was a legitimate, non-discriminatory reason for the termination of Plaintiff.  The Court does not find plain error in these findings or conclusions.  See Burke-Fowler, 447 F.3d at 1323 (claims of disparate treatment require a *prima facie* showing that the employer treated similarly situated

5

employees outside of the protected class more favorably); <u>Kelliher v. Veneman</u>, 313 F.3d 1270, 1276 (11th Cir. 2002) (finding that insubordination constituted an adequate non-discriminatory reason for plaintiff's termination).

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge E. Clayton Scofield III's Final Report and Recommendation [9] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss the Original Complaint [5] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss the Amended Complaint [8] is **GRANTED**.

**SO ORDERED** this 13th day of March, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE